IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| ANOUAR BENAHMED, Plaintiff, | * * * * | |
| v. | * * | Civil Action No. 12-cv-01974-AW |
| BAE SYSTEMS TECHNOLOGY SOLUTIONS & SERVICES, INC. Defendant. | * * * * | |

## MEMORANDUM OPINION AND ORDER

On November 6, 2012, the Court granted-in-part and denied-in-part Defendant BAE Systems Technology Solutions and Services, Inc.'s Motion to Dismiss for Failure to State a Claim. Doc. Nos. 21, 22. Specifically, the Court granted Plaintiff leave to amend his Complaint as to Counts I, II, III, and IV, and dismissed Count V with prejudice. *Id.* Plaintiff timely filed his Amended Complaint with respect to Counts I, II, III, and IV on November 16, 2012. Doc. Nos. 23–25. Pending before the Court is Defendant's Partial Motion to Dismiss Plaintiff's First Amended Complaint. Doc. No. 26. Plaintiff did not file an opposition to Defendant's Motion, which is now ripe for the Court's consideration.

The factual background of Plaintiff's employment with BAE Systems was thoroughly discussed in the Court's previous Memorandum Opinion, which is hereby incorporated by reference. Doc. No. 21. Plaintiff's Amended Complaint adds several factual details, mostly regarding the circumstances surrounding Plaintiff's complaints to Defendant, his performance evaluation, and his failure to receive the Chairman's Award. Doc. No. 25. Plaintiff maintains the following Counts in his Amended Complaint:

>   **Count I**: Retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a);
>
>   **Count II**: Discrimination on the basis of national origin in violation of Title VII, 42 U.S.C. § 2000e-2(a);
>
>   **Count III**: Retaliation in violation of 42 U.S.C. § 1981; and
>
>   **Count IV**: Discrimination on the basis of race in violation of 42 U.S.C. § 1981.

*Id.* ¶¶ 35–40. BAE Systems has answered with respect to Count I, and has moved to dismiss Counts II, III, and IV. Doc. Nos. 26, 27. The Court has reviewed Defendant's Motion and concludes that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2011). For the reasons articulated below, Defendant's Motion will be GRANTED.

**I.   The Discrimination Claims (Counts II and IV)**

In its previous Memorandum Opinion, the Court concluded that Plaintiff's discrimination claims were inadequately pled for the following reasons:

>   Plaintiff alleges a single incident in which a coworker mocked and made derogatory comments about him based on his accent. However, Plaintiff has failed to plead any nexus between this incident and subsequent events. Plaintiff did not specify in his Complaint when these derogatory comments were made and when he first complained to BAE's HR Department about his supervisor. Plaintiff has also failed to specify how his poor performance evaluation was given on account of national origin or race. Indeed, Plaintiff claims the evaluation contained "false, untrue, and derogatory information," but nothing concerning his race or national origin. Doc. No. 1 ¶ 18. Plaintiff implies that this evaluation ultimately led to his demotion and termination, but Plaintiff has failed to plead any factual connection between these events and his national origin or race. Plaintiff's conclusory assertion that his termination was discriminatory is insufficient to survive a motion to dismiss.

Doc. No. 21 at 7–8 (footnotes omitted).

Plaintiff's Amended Complaint generally fails to cure these deficiencies. Plaintiff continues to allege a single incident in which his accent was mocked. Although his Amended Complaint provides a more detailed timeline of events, Plaintiff still fails to explain, for

example, what was negative about his performance evaluation and what, if anything, it had to do with race or national origin.  Plaintiff has inserted several statements into his Amended Complaint that Defendant took a variety of adverse actions against Plaintiff "because of" or "based on" his race and/or national origin.  *E.g.*, Doc. No. 25 ¶¶ 18–19, 25, 30.  Such conclusory allegations cannot save his discrimination claims from dismissal, however.  Furthermore, as discussed in the Court's previous Opinion, Plaintiff's claim that a coworker mocked his accent on one occasion does not sustain a hostile work environment claim.  Doc. No. 21 at 8.

Accordingly, the Court will dismiss Counts II and IV from Plaintiff's Amended Complaint.

## II.    The Claims under 42 U.S.C. § 1981 (Count III and IV)

Plaintiff identifies himself in his Amended Complaint as "a male of Moroccan ancestry" and an American citizen "of Moroccan national origin."  Doc. No. 25 ¶ 1.  As in his original Complaint, he also alleges that his supervisor, in a mocking tone, imitated Plaintiff's accent and told him that he should have a better command of the English language.  *Id.* ¶ 15.  Plaintiff does not identify his race anywhere in the Complaint, and he does not identify any particular actions taken by Defendants because of his race.

Plaintiff's allegations appear to be grounded on national origin alone, a conclusion buttressed by the fact that Plaintiff claimed in his EEOC Complaint that he was discriminated against on account of national origin, not race.  *See* Doc. No. 26-2.  Plaintiff's claims under 42 U.S.C. § 1981 therefore fail because he has not alleged that Defendant discriminated against him or retaliated on account of Plaintiff's racial, ethnic, or ancestral characteristics.  *See, e.g.*, *St. Francis College v. Al Khazraji*, 481 U.S. 604, 613 (1987) (Section 1981 claim cannot be based "solely on the place or nation of [plaintiff's] origin"); *Proa v. NRT Mid Atl., Inc.*, 618 F. Supp.

2d 447, 461 (D. Md. 2009) ("[Section] 1981 claims are limited to race-based disparate treatment and/or hostile environment claims and claims for retaliatory actions taken against a plaintiff who opposed such policies and practices."). Plaintiff's conclusory assertions that Defendant took action against him "because of" or "based on" his race do not save his § 1981 claims. *See Middlebrooks v. Godwin Corp.*, 722 F. Supp. 2d 82, 88 (D.D.C. 2010) ("[I]n order to pursue a cause of action under § 1981, plaintiff cannot merely invoke his race in the course of a claim's narrative and automatically be entitled to pursue relief. Rather, plaintiff must allege some facts that demonstrate that his race was the reason for a defendant's actions.") (alterations omitted) (citations omitted).

Accordingly, the Court will also dismiss Count III from Plaintiff's Amended Complaint.

## III.  Abandonment of Claims

Where a Plaintiff fails to address a claim in response to a motion to dismiss, the Court may find that the Plaintiff has abandoned the claim. *See, e.g.*, *Ferdinand-Davenport v. Children's Guild*, 742 F. Supp. 2d 772, 777 (D. Md. 2010); *Mentch v. Eastern Sav. Bank, FSB*, 949 F. Supp. 1236, 1247 (D. Md. 1997). Defendant filed its Partial Motion to Dismiss on December 3, 2012, making Plaintiff's opposition due on or before December 20, 2012. Plaintiff did not respond to Defendant's Motion. Accordingly, the Court will also dismiss Counts II, III, and IV of Plaintiff's Amended Complaint on the grounds that Plaintiff has abandoned these claims.

## IV.  Conclusion

For the foregoing reasons, it is, this **4th day of January, 2013**, by the United States District Court for the District of Maryland, hereby **ORDERED** that:

1) Defendant's unopposed Partial Motion to Dismiss, Doc. No. 26, is **GRANTED**;

2) Counts II, III, and IV of Plaintiff's Amended Complaint are **DISMISSED** with prejudice;

3) The Court will issue a scheduling order as to Plaintiff's remaining claim; and

4) The Clerk shall transmit a copy of this Order to all counsel of record.

<u>January 4, 2013</u>                   <u>           /s/            </u>
     Date                                                        Alexander Williams, Jr.
                                                                    UNITED STATES DISTRICT JUDGE